IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN DON COLE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 20-CV-0459-JED-CDL ) |
| LUKE PETTIGREW, | ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Kevin Cole, a state inmate appearing *pro se*,[1] seeks federal habeas relief, through a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1), from the judgments and sentences entered against him in the District Court of Tulsa County, Case Nos. CF-1989-4732 and CF-1989-4733. Respondent Luke Pettigrew moves to dismiss the petition, alleging that Cole failed to file it within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, and, in the alternative, that Cole failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A). Cole did not file a response to the dismissal motion. Having considered the petition and Pettigrew's motion to dismiss (Doc. 5) and brief in support (Doc. 6), the Court grants Pettigrew's motion, dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies.

---

[1] Because Cole appears without counsel, the Court must liberally construe his petition. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as Cole's advocate by crafting legal arguments on his behalf or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

I.

In an unpublished summary opinion filed March 30, 1994, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgments and sentences Cole seeks to challenge through this habeas action. Doc. 6-1, *Cole v. State*, No. F-90-973 (Okla. Crim. App. 1994), at 1-2.[2] Cole did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Doc. 1, Pet., at 3. Cole filed the instant federal habeas petition on September 10, 2020. Doc. 1, Pet., at 18.[3]

II.

Cole appears to seek federal habeas relief on three grounds. First, in what he identifies as his ground one claim, he alleges he received ineffective assistance of counsel. Doc. 1, Pet., at 5. He does not provide any supporting facts, but states that he did not present this claim in state court because "this is a federal case not a state-court case" and he cites *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), to support this statement. Doc. 1, Pet., at 5-7, 15. In the sections of the petition designated for listing other grounds for relief, Cole identifies "none." Doc. 1, Pet., at 7-13. However, he includes additional pages in the petition identifying "proposition one" as a claim that the State of Oklahoma lacked jurisdiction over his criminal prosecution, in light of *McGirt*, because he committed major crimes in Indian country and was therefore subject to federal prosecution. Doc. 1, Pet, at 17, 19. Cole also alleges, without any supporting facts, that "double

---

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

[3] The Clerk of Court received the petition on September 14, 2020. Doc. 1, Pet., at 1. But Cole declares, under penalty of perjury, that he placed the petition in the prison's legal mail system, postage prepaid, on September 10, 2020, and the corresponding envelope bears a "legal mail" stamp and postmark with that same date. Doc. 1, Pet., at 18, 20. Applying the prison mailbox rule, the Court thus deems the petition filed on September 10, 2020. *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

jeopardy" and the "exclusionary rule" support his request for habeas relief. Doc. 1, Pet., at 19.

In response to a specific question in the petition asking whether Cole presented all grounds for relief to the highest state court, Cole states, "No," and explains: "Ineffective assistance of counsel we are presenting them now in federal court where this case belongs." Doc. 1, Pet., at 15. In the section of the petition that informs Cole of the one-year statute of limitations and asks Cole to explain the timeliness of the petition, he discusses 28 U.S.C. § 2254(d)'s standards of review for federal claims adjudicated in state court, mentions Supreme Court precedent with no discernible nexus to his claims, and asserts that, in Oklahoma "subject-matter jurisdiction is never waived and can therefore be raised on a collateral appeal." Doc. 1, Pet., at 16.

Pettigrew seeks dismissal of the petition, arguing that Cole failed to file it within the applicable one-year statute of limitations, as provided in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Cole failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A). Docs. 5, 6.

**III.**

On the record presented, the Court agrees with Pettigrew that Cole's claims are barred by the one-year statute of limitations. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under some circumstances, the prisoner may be able to demonstrate that the one-year limitation period commenced on a later date. *Id.* § 2244(d)(1)(B), (C), (D). Regardless of which provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly

3

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). But the statutory tolling provision applies only if the prisoner properly files an application for postconviction relief or other collateral review in state court within the applicable one-year limitation period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In rare circumstances, the one-year limitation period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Applying § 2244(d)(1)(A), Cole's criminal judgments became final on June 28, 1994, when the 90-day period expired for seeking further direct review of his judgments and sentences through a petition for writ of certiorari filed in the Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). Because his convictions became final before the AEDPA's enactment, Cole had one year from the AEDPA's effective date, or until April 24, 1997, to file a timely federal habeas petition. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). Cole filed the instant petition on September 10, 2020, over 20 years after the one-year limitation period expired. And there is no evidence in the record to support either statutory or equitable tolling of the one-year limitation period. Thus, the petition is clearly untimely under § 2244(d)(1)(A). Further, as Pettigrew argues, Cole fails to allege, and therefore fails to demonstrate, that his one-year limitation period began at a later date under any other subsection of § 2244(d)(1).[4]

---

[4] To the extent Cole relies on his assertion that issues of subject-matter jurisdiction can never be waived, under state law, to show that his petition is timely, that reliance is misplaced. Regardless of whether Cole can raise a challenge to the trial court's subject-matter jurisdiction in state court, free of any time limitations, the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction. And, on the record presented, Cole has not shown that this is one of the rare cases where equity favors an exception to the statute of limitations.

The Court therefore concludes that the claims raised in the petition are untimely and that the petition should be dismissed with prejudice as barred by the one-year statute of limitations.

## IV.

Alternatively, the Court finds that even if Cole could overcome the untimeliness of his claims, he concedes, and the record shows, that he failed to exhaust available state remedies as to any of his claims. The AEDPA requires state prisoners to "exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This is so because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Id.* at 844. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review his claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844. To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

Cole admits in his petition that he did not exhaust available state remedies as to any of his claims before filing the instant petition. Doc. 1, Pet., at 4-7, 12. And the record supports his admission, as Pettigrew submitted docket sheets from each underlying criminal case showing that, as of October 5, 2020, Cole had filed no applications for postconviction relief in state district court.

Docs. 6-2, 6-3.[5] Because Cole has not given Oklahoma courts "the first opportunity to review his claim[s] and provide any necessary relief," *O'Sullivan*, 526 U.S. at 844, "by invoking one complete round of the State's established appellate review process," *id.* at 845, the Court finds that even if Cole's claims could be deemed timely, the petition must be dismissed for failure to exhaust available state remedies.

## V.

Based on the foregoing, the Court concludes that Cole failed to file his petition within the applicable statute of limitations and failed to exhaust available state remedies before filing the petition. The Court therefore grants Pettigrew's dismissal motion, dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on either ground. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Doc. 5) is **granted**.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice** as barred by

---

[5] The Court takes judicial notice, through the same docket sheets that are available to the public online, that Cole did file an application for postconviction relief in each underlying criminal case on October 30, 2020, after Pettigrew filed his dismissal motion. *See State v. Cole*, No. CF-1989-4732, oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-1989-4732&cmid=192765, last visited Apr. 17 2021; *State v. Cole*, No. CF-1989-4733, oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-1989-4733&cmid=192766, last visited Apr. 17, 2021. The state district court denied both applications on November 3, 2020, and Cole subsequently filed, in both cases, applications for postconviction relief out of time. Because those applications remain pending, the current state court records further support that Cole has not exhausted available state remedies as to the claims he presents in the instant federal habeas petition.

       28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

3. The petition for writ of habeas corpus (Doc. 1) is, in the alternative, **dismissed** for failure to exhaust available state remedies.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

ORDERED this 19th day of April, 2021.

                              JOHN E. DOWDELL, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT